The Honorable Jack Critcher State Senator Post Office Box 79 Grubbs, AR 72431-0079
Dear Senator Critcher:
I am writing in response to your request for an opinion on the following question:
 Can a city pay members of the City Council a monetary equivalent in lieu of the amount the city would pay for the member's health insurance if the member is ineligible for health insurance coverage or if the member chooses not to accept such coverage?
RESPONSE
It is my opinion that the answer to this question is generally "yes," assuming that the city council has passed an ordinance or otherwise taken official action to authorize such payment.
A similar conclusion was reached by one of my predecessors regarding health insurance premiums for city council members. See Op. Att'y Gen.97-394. I agree with the discussion of the issue in that opinion and the finding therein that there is no provision of Arkansas law prohibiting this type of compensation for city council members or other city officers. I have enclosed a copy of the opinion for your convenience.
As you can see from Opinion 97-394, the issue is governed in the first instance by Amendment 56, § 4 of the Arkansas Constitution, which provides that the compensation of municipal officers shall be fixed by the governing body of the municipality, "not to exceed limits which may be established by law." It is thus clear that the city council has the authority and responsibility to determine the compensation of municipal officers, subject to limitations established by law. One such limitation is found in A.C.A. § 14-43-409, which states:
 All officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines, or perquisites. All fees, fines, or perquisites shall be paid into the city treasury. [Emphasis added.]
In interpreting this Code section, several of my predecessors have distinguished compensation that is designated for the individual, as opposed to fees and fines that accrue directly to the office, and opined that the prohibition of A.C.A. § 14-43-409 does not apply to the former.See Ops. Att'y Gen. Nos. 99-129 and 98-277 (opining, respectively; that A.C.A. § 14-43-409 did not prohibit a city from paying a recorder-treasurer a monthly salary and a 3% commission of all revenue handled by her, or from providing a car for its mayor). The distinction was also drawn in the enclosed Op. Att'y Gen. 97-394 regarding health insurance payments for city officers. See also Op. Att'y Gen. 96-366
(awarding annual and sick leave). I concur with this position. It is my opinion that the prohibition in § 14-43-409 against additional compensation by way of "fees, fines, or perquisites" is directed toward fees of the office and other forms of compensation accruing to the office, as distinguished from salary or other individually authorized compensation.
It is therefore my opinion that a city may, by action of its city council in fixing the compensation of city officers pursuant to Ark. Const. amend. 56, pay members of the council the monetary equivalent of health insurance coverage.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
Enclosure